585 A.2d 16

GOULD, INC.

v.

CONTINENTAL CASUALTY COMPANY, H.S. Weavers (Underwriting) Agencies, Ltd., Walbrook Insurance Company, Ltd., "Winterthur" Swiss Insurance Co., Mutual Reinsurance Company, Ltd., St. Katherine Insurance Co., Ltd., London & Edinburgh General Reinsurance Company, Ltd., Bermuda Fire & Marine Insurance Company, Ltd., Yasuda Fire & Marine Insurance Company, Ltd., Turegum Insurance Company, Bellefont Insurance Company, C.E. Heath & Co. (Agencies) Ltd., North Atlantic Insurance Co. Ltd., Leslie & Godwin Agencies, Ltd., Mentor Insurance Company (U.K.) Limited, Mentor Underwriting Agents (U.K.) Limited, C.T. Bowring & Co., (Insurance), Ltd., Dominion Insurance Co., Ltd., Slater, Walker Insurance Company, Limited, Syndicate No. 417, Syndicate No. 772, Syndicate No. 943, Syndicate No. 989, Syndicate No. 279, Syndicate No. 618, Syndicate No. 278, Syndicate No. 219, Syndicate No. 190, Syndicate No. 199, Syndicate No. 604, Syndicate No. 235 and National Union Fire Insurance Company of Pittsburgh, Pa.

v.

PENNSYLVANIA MANUFACTURERS INSURANCE COMPANY, Travelers Insurance Company, the Aetna Casualty Company, Standard Fire Insurance Co., St. Paul Fire & Marine Insurance Company, Stonewall Insurance Co., First State Insurance Company, Midland Insurance Company, Prudential Insurance Company, Firemen's Fund Insurance Co., Pine Pop Insurance Company.

Appeal of NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA.

Superior Court of Pennsylvania.

Argued Oct. 31, 1990.

Filed Jan. 8, 1991.

B. Alan Dash, Philadelphia, for appellant.

Wayne A. Schaible, Philadelphia, for Travelers Ins., appellee.

Before McEWEN, MONTEMURO and JOHNSON, JJ.

MONTEMURO, Judge:

Gould, Inc. ("Gould") brought this action against appellant National Union Fire Insurance Company of Pittsburgh (National Union) and several other insurance companies, seeking indemnification for substantial sums paid by Gould in settlement of claims of 80 former employees of Gould and its predecessor, Bers and Company, Inc. (Bers). The employees had suffered injuries due to exposure to heavy metals, lead and toxic chemicals during the course of their employment in a lead smelting facility operated by Bers from 1946 to 1969 and Gould from 1969 to 1979. From the period of January 1, 1978 to March 1, 1979, National Union insured Gould to the extent of 20% second layer excess employer liability for bodily injury occurring to Gould's employees. Because the limits of the underlying general liability policy were exhausted, Gould has demanded indemnification from National Union and other insurers providing umbrella coverage for the remaining amount paid by Gould in settlement of the suits. National Union has denied coverage of any part of the amount paid in settlement of the claims.

National Union joined appellee Travelers Insurance Company (Travelers) as an additional defendant pursuant to Pa.R.C.P. 2252(a) on the basis that Travelers also provided insurance to Bers or Gould sometime during the 33 year

period in question. National Union therefore claims entitlement to contribution from Travelers for amounts National Union would be required to pay. Travelers filed preliminary objections, asserting *inter alia* that all issues regarding outstanding coverage between Travelers and Bers and Gould were settled in exchange for a $600,000 payment made by Travelers to Gould for indemnification of the lead poisoning claims. National Union brings this appeal from an order granting appellee Travelers Insurance Company's preliminary objection and dismissing the Complaint of National Union against Travelers. We affirm.

Where no issues of fact are raised, the court shall dispose of the preliminary objections as a matter of law on the basis of the pleadings alone. *Matter of D.L.S.*, 278 Pa.Super. 446, 420 A.2d 625 (1980). In ruling on Traveler's preliminary objections, the trial court stated:

> ... [T]he Court would note that the third issue raised by Travelers does warrant the dismissal of the complaint against it. Specifically, Gould, the plaintiff in the instant matter, has settled earlier with Travelers and at that time had agreed that should any of Gould's insurers obtain a judgment for contribution or indemnity for any amount, that Gould would credit Travelers for any amount as to which Travelers would otherwise be responsible, whether that amount was less than, equal to or more than the $600,000 that Travelers paid to Gould initially.
>
> Under those circumstances, the Court is satisfied, whatever the outcome of this case, Travelers would have no responsibility and there could be no prejudice suffered by any of the other insurers, who would receive credit in that regard.
>
> Under those circumstances, there would be no reason to add Travelers to this case and for that reason I would grant the preliminary objections filed by Travelers.

Bench Opinion, Dec. 21, 1989 at 4–5.

The version of Pennsylvania Rule of Civil Procedure 2252(a) which was in effect when the trial court ruled on Travelers' preliminary objection provides:

(a) In any action the defendant or any additional defendant may, as the joining party, join as an additional defendant any person whether or not a party to the action who may be alone liable or liable over to him on the cause of action declared upon by the plaintiff or jointly or severally liable thereon with him, or who may be liable to the joining party on any cause of action which he may have against the joined party arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based.

Pa.R.C.P. 2252(a). Rule 2252(a) is to be " 'broadly construed to effectuate its purpose of avoiding multiple lawsuits by settling in one action all claims arising out of the transaction or occurrence on which the plaintiff's cause of action is based.' " *Somers v. Gross,* 393 Pa.Super. 509, 574 A.2d 1056, 1058 (1990), *citing Garrett Electronics Corp. v. Kampel Enterprises, Inc.,* 382 Pa.Super. 352, 555 A.2d 216, 217 (1989). The rule has been interpreted to permit the joinder of an additional defendant where it is established:

(1) that the additional defendant is solely liable to the plaintiff; (2) that the additional defendant is liable over to the adjoining party on the cause of action alleged; (3) that the additional defendant is jointly or severally liable with the joining party on the cause of action alleged by the plaintiff; or (4) that the additional defendant is liable to the joining party on any cause of action asserted by the joining party which arises out of the same transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based.

*Svetz For Svetz v. Land Tool Co.,* 355 Pa.Super. 230, 513 A.2d 403 (1986), *allocatur denied* 515 Pa. 584, 527 A.2d 544.

Gould's complaint against National Union is based on a theory of contractual liability arising out of the insurance policy between Gould and National Union under which National Union agreed to insure Gould for 20% of the second excess layer of coverage. We therefore agree with Travelers that joinder under Rule 2252(a) would be improper on the basis that Travelers is solely liable or jointly and

severally liable along with National Union to Gould, or liable over to National Union on the cause of action in contract, as Travelers was not a party to the insurance contract between Gould and National Union. A contract cannot legally bind a person or entity which is not a party to the contract. *Matter of Estate of Barilla,* 369 Pa.Super. 213, 535 A.2d 125 (1987). Further, the release agreement between Gould and Travelers discharges Travelers

> from all actions, causes of action, suits, debts, accounts, reckonings, covenants, contracts, agreements, claims and demands whatsoever, whether at law or in equity, that Gould and Bers or either or them now have or ever had, or that they or either of them can, shall or may have against PMA and Travelers, their successors, subsidiaries and affiliates or any of their officers, directors or employees for insurance coverage of the claims which were or could have been asserted against Gould and Bers, or either of them in the Suits [brought by the former employees].

R.R. at 149a. Thus, in order for joinder of Travelers to be proper under Rule 2252(a), Travelers must be liable to National Union on some cause of action which National Union has against Travelers arising out of the same transactions or occurrences upon which Gould's cause of action is based. *See* Pa.R.C.P. 2252(a).

██ National Union argues that joinder of Travelers is proper because National Union may be entitled to contribution from Travelers because National Union is responsible only for excess coverage whereas Travelers was a primary insurance carrier for Gould and National Union, and also that the absence of Travelers from this suit makes it impossible for National Union to take advantage of the settlement payment made by Travelers. Travelers responds that joinder of Travelers is improper because as a matter of law, Travelers is not "contributorily" liable to National Union in this action. We agree.

The instant action is based on National Union's liability to Gould under the insurance contract between National Union

and Gould. The terms of the insurance policy will determine the amount of coverage that National Union is obligated to pay. In the event that the policy contains an "other insurance" or "pro rata" clause, and the coverage for which National Union is being held liable is covered by the insurance provided by Travelers, National Union will be entitled to prorate the amount of coverage. *See Vrabel v. Scholler,* 369 Pa. 235, 85 A.2d 858 (1952). Regardless of whether the other insurers have paid their obligated sums, National Union cannot be made to pay coverage for which the other insurers are liable or any other amount, unless National Union agreed to such payment in its insurance policy. National Union's right to prorate any applicable policy limits and to receive credit for amounts paid by Travelers does not depend upon the joinder of Travelers in this suit.

The "other insurance" clause does not give National Union a right of contribution against Travelers. Travelers cites *Cooper Industries, Inc. v. Aetna Casualty, et al,* Vol. 24, No. 22 Mercer County L.J. 163 (1989) in support of its position that National Union has no right of contribution against another co-insurer, but instead has the right to prorate its coverage based on the terms of its own policy, depending upon the amount of co-insurance. Although we are not bound by *Cooper Industries,* we find the case to be instructive, as the court in *Cooper Industries* was faced with the identical question as the issue before us. The court held that the proration of the defendant-insurers liability would not be impaired by the dismissal of those insurers who had settled with the plaintiff. *Id.* at 166. The court held that no insurer could be held liable for more than its pro rata share and no right of contribution against a co-insurer could arise, noting that "the applicable limits and pro rata shares pertaining to the policies issued by [the settling insurers] will be examined and their proportionate share of liability determined, even if they are no longer parties to the action." *Id.* We find the reasoning set forth in *Cooper Industries* to be persuasive, and likewise con-

clude that the trial court did not err in dismissing Travelers from this action.

Order affirmed.