**DEAN WITTER REYNOLDS, INC.,**

v.

**Dan A. DRUZ, Appellant.**

No. 01–3890.

United States Court of Appeals,
Third Circuit.

Argued Nov. 5, 2002.

Decided Aug. 4, 2003.

Dan A. Druz (Argued), Manasquan, N.J., pro se.

Edward S. Nathan (Argued), Stern Greenberg & Kilcullen, Roseland, N.J., for Appellee.

Before BECKER, Chief Judge,* MCKEE and HILL,** Circuit Judges.

## OPINION OF THE COURT

BECKER, Circuit Judge.

Defendant Dan Druz has appealed from the District Court's grant of summary judgment in favor of plaintiff Dean Witter in its action to enjoin Druz's claim for arbitration before the National Association of Securities Dealers Regulation ("NASDR"). Druz raises a number of contentions on appeal, some of which are without merit. However, because we find that the District Court improperly ruled on the question whether Druz's claims are time-barred by National Association of Securities Dealers ("NASD") Code of Arbitration Procedure § 10304 (1984), a matter which is for the arbitrator, and also impermissibly evaluated the merits of Druz's underlying malicious prosecution claim in concluding that it was not arbitrable, we

---

* Judge Becker's term as Chief Judge ended on May 4, 2003.

** The Honorable James C. Hill, United States Circuit Judge for the Eleventh Circuit Court of Appeals, sitting by designation.

vacate the judgment of the District Court and remand so that the District Court may refer the matter to arbitration.

## I.

This case has a long and complicated history. Druz was an executive for Dean Witter and Branch Manager of the company's Princeton office from 1982–87, where he oversaw several large accounts. In 1987, he left Dean Witter for a job at the securities firm now called Citibank Salomon. After his departure, Dean Witter became involved in a number of disputes with clients whose accounts Druz had managed. One of these disputes led to some highly publicized litigation, in which the New Jersey School Boards Association Insurance Group brought suit against Dean Witter and Druz (the "School Boards" litigation).

Druz faced several actions as a result of the *School Boards* case. The New Jersey Division of Consumer Affairs, Bureau of Securities began an investigation and in January 1992, it made a criminal referral to the N.J. Division of Criminal Justice. A New Jersey grand jury then returned an indictment against Druz. The criminal case alleged that Druz had transferred losses from one client's securities account into the School Boards account. The case came to an end when Druz petitioned for Pre–Trial Intervention ("PTI"), which was granted, and which he completed in 1998. In addition to this criminal action, Druz was also investigated by the New York Stock Exchange ("NYSE"). In May 1993, the NYSE censured Druz and barred him

from membership for eight years, a decision that was affirmed by the NYSE's Board of Directors. These decisions were later affirmed by the SEC and by this Court. *Druz v. SEC*, 103 F.3d 112 (3rd Cir.1996).

In April 1995, while Druz's criminal investigation was still ongoing, he filed an arbitration demand against Dean Witter with the NYSE.[1] Dean Witter sued in the District Court for the District of New Jersey for an injunction against the matter going forward at the NYSE. The District Court held that the arbitration on the malicious prosecution claims could not go forward until the New Jersey criminal case was resolved. The Court also permanently enjoined Druz from arbitrating any claims that arose from conduct that had occurred more than 6 years previous to his filing the arbitration claim. No appeal was filed.

In 1999, Druz filed a demand for arbitration with NASDR, the arbitration arm of the NASD. Dean Witter sought to have these proceedings enjoined as well. The District Court denied this motion, holding that it had not retained jurisdiction over the matter, which it had disposed of in 1995, because the underlying litigation had long since closed. In addition, the Court ruled that its 1995 order enjoining the NYSE arbitration had no bearing on the NASD arbitration.

Dean Witter filed a second suit in the District of New Jersey to enjoin the NASD arbitration. The District Court held that because the claim for arbitration

---

1. Druz asserted 12 claims against Dean Witter, all of which he argues were based on actions engaged in during the period 1992–95. These claims were (1) violations of 42 USC § 1985(2); (2) violations of 18 USC § 1964(c) ("RICO"); (3) causing a wrongful prosecution against Druz in New Jersey; (4) unlawful common law conspiracy; (5) wrong-

ful interference with Druz's prospective economic advantage; (6) negligence; (7) negligent infliction of emotional distress; (8) fraud; (9) unfair trade practices; (10) breach of fiduciary and contractual duties, and duties of fair dealing; (11) prima facie tort; and (12) attorney malpractice.

was filed on Feb. 23, 1999, the NASD's six-year time-bar rule would only allow for arbitration of claims springing from conduct on or after Feb. 23 1993. The Court believed that Druz wanted to arbitrate matters concerning his criminal prosecution and ruled that all matters concerning Druz's employment at Dean Witter, spanning the years 1982–87, were time-barred. The Court concluded that "any surviving allegations ... ultimately sound in malicious prosecution," and noted fatal problems with Druz's malicious prosecution claim. First, the criminal action was not instituted by Dean Witter, even if it brought the matter to the attention of the authorities. Second, the prosecution did not seem to end in Druz's favor, because he entered into a PTI agreement. Because the Court found no merit in Druz's malicious prosecution claim and determined that all of Druz's other claims were time-barred, it enjoined Druz's arbitration before the NASD. Druz then moved for reargument, which the District Court denied because Druz did not provide the court "with matters of fact or law that were put forth to the Court but not considered." In addition, the Court held that Druz's motion sought to present new arguments, which is impermissible under local rule 7.1(g). Druz then filed an Amended Motion for Re-argument, which was time-barred because it was filed more than 10 days after the entry of the order on the original motion. This appeal followed.

## II.

Druz raises a number of issues on appeal. He begins by arguing that the District Court lacked jurisdiction to make its decision and that the case was heard in the wrong venue. Druz then submits that if the District Court did have jurisdiction and was the proper venue, the parties had a valid agreement to arbitrate and that the question whether his claims are time-barred by the NASD's six-year limit on arbitration is for the arbitrator, not the District Court, to decide. In addition, Druz contends that the District Court impermissibly considered the merits of his underlying claims when it ruled that one such claim sounds in malicious prosecution and that Druz would not be able to prove the elements of that cause of action. In sum, Druz asserts that he is entitled to arbitration as per his agreement with Dean Witter.

Dean Witter counters that because Druz did not raise his jurisdictional, joinder, and venue arguments before the District Court granted the motion for summary judgment, he may not raise them on appeal. Dean Witter also asserts that "virtually all, if not all, of Druz's allegations" are time-barred by the NASD's six-year eligibility requirement, and that if any of Druz's allegations survive the time-bar, these claims may not be arbitrated because they relate to privileged testimony by Dean Witter employees. In addition, Dean Witter urges that any surviving claims sound in malicious prosecution, a cause of action on which Druz cannot prevail. Finally, Dean Witter argues that the statutes of limitations have run on all of Druz's claims.

We exercise plenary review over the District Court's grant of summary judgment, *Chisolm v. McManimon,* 275 F.3d 315, 321 (3rd Cir.2001), over the question whether the District Court had jurisdiction to hear this case, *Okereke v. United States,* 307 F.3d 117, 119–20 (3rd Cir.2002), and over the District Court's determination whether a party's joinder is necessary under Rule 19(a). *Koppers Co. v. Aetna Casualty,* 158 F.3d 170, 174 (3rd Cir.1998). We have jurisdiction under 28 U.S.C. § 1291.

## A.

We begin with the threshold question whether the District Court had jurisdiction to hear this case. First, we must consider Dean Witter's argument that we cannot address this question because it was raised for the first time in Druz's motion for reconsideration, rather than during the summary judgment proceeding. It is a general rule that this court will not hear issues for the first time on appeal. *Singleton v. Wulff*, 428 U.S. 106, 120, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976); *Krysztoforski v. Chater*, 55 F.3d 857, 860–61 (3rd Cir. 1995). There is an exception to this general rule, however, for jurisdictional issues.

Druz points out, correctly, that the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, does not create independent federal question jurisdiction. As the Supreme Court held in *Moses H. Cone Memorial Hospital v. Mercury Const. Corp.*, 460 U.S. 1, 25 n. 32, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), "Section 4 [of the Act] provides for an order compelling arbitration only when the federal district court would have jurisdiction over a suit on the underlying dispute; hence, there must be diversity of citizenship or some other independent basis for federal jurisdiction...." Considering the current parties to this case, Dean Witter, a Delaware corporation with its principal place of business in New York and Druz, a resident of New Jersey, there is diversity jurisdiction. Druz argues, however, that a number of indispensable parties were not joined to the proceedings. He asserts that because these individuals are residents of New Jersey, the District Court would not have had diversity jurisdiction had they been joined. These individuals are current and former Dean Witter employees who Druz claims were involved in the fraud and deception that led to him being blamed for Dean Witter's troubles in the late 1980s. Druz named these individuals in the underlying arbitration and argues that they are indispensable parties to this litigation.

■ We look to Federal Rule of Civil Procedure Rule 19 in order to evaluate Druz's argument. Subdivision (a) requires that an individual be joined as a party if "(1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." Subsection (a)(1) does not apply here: there is no reason that complete relief cannot be accorded Druz or Dean Witter in the absence of these other individuals. Subsection (a)(2)(ii) also does not apply: neither Druz nor Dean Witter would be subject to multiple or inconsistent obligations because of the absence of these parties. The only subsection that might conceivably apply is (a)(2)(i), but, if Dean Witter wins, these other individuals' ability to protect their interests will not be impaired. If Druz wins then it is likely that he would win in a separate action on the same facts against these other individuals, but, even if Druz wins, nothing in this litigation will necessarily impair these other individuals' ability to protect their interests. As a result, these individuals need not be joined and diversity jurisdiction is preserved.[2]

---

**2.** Druz also argues that the case was heard in the wrong venue and that because the underlying arbitration is to take place in New York, the proper venue is the Southern District of New York. Because Druz raised this issue for the first time after the Summary Judgment

## B.

We turn to the question of whether the District Court properly enjoined the arbitration. In granting summary judgment, the Court reasoned that most of Druz's claims are time-barred by NASD § 10304 and that any that are not sound in malicious prosecution, a claim upon which Druz cannot prevail. We first consider the time-bar issue.

■ Dean Witter argues that arbitrability of Druz's claim under the time-bar provision of NASD § 10304 was a question for the District Court and that the Court properly decided that question.[3] Dean Witter submits that "virtually all, if not all" of Druz's allegations stem from events that occurred more than six years before he filed for arbitration, and that therefore his claims are not arbitrable. This argument is foreclosed, however, by the Supreme Court's decision in *Howsam v. Dean Witter Reynolds, Inc.,* 537 U.S. 79, 123 S.Ct. 588, 154 L.Ed.2d 491 (2002), in which the Court held that questions of arbitrability under the time-bar provision of NASD § 10304 are for the arbitrator, not the District Court, to decide. *Howsam* was decided after the District Court proceedings in this case came to a conclusion, and it requires us to reverse the District Court's determination that the bulk of Druz's claims was time-barred under NASD § 10304.

■ We next turn our attention to the District Court's determination that any remaining claims sound in malicious prosecution, a cause of action upon which Druz could not prevail. Druz argues that it was impermissible for the District Court to consider the merits of his underlying arbitration claim in its decision on Dean Witter's motion for summary judgment. We agree. In *PaineWebber v. Hofmann* we held that "[i]n resolving the arbitrability of particular claims ... 'a court is not to rule on the potential merits of the underlying claims,' no matter how frivolous the claims may appear to the court." 984 F.2d 1372, 1377 (3d Cir.1993) (quoting *AT & T Technologies v. Communications Workers of America,* 475 U.S. 643, 649, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986)). The court's role, according to *Hofmann,* is simply to determine whether the dispute is arbitrable, not which party would win in the arbitration itself. *Hofmann,* 984 F.2d at 1377. In other words, a court can only enjoin the arbitration if " 'the matter at issue clearly falls outside of the substantive scope of the [arbitration] agreement.' " *Id.* (quoting *PaineWebber v. Hartmann,* 921 F.2d at 511). The District Court's analysis of the malicious prosecution claim was therefore not a proper ground for granting summary judgment against Druz.[4]

hearing, however, he waived it. *See* 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3826 at 257 (2d ed.1995). We note that had Druz raised this issue at the proper juncture, he would likely have prevailed on this point, for it appears that this case should have been heard in the Southern District of New York, the district where the arbitration is to take place. *See Bao v. Gruntal,* 942 F.Supp. 978 (D.N.J.1996).

3. NASD § 10304 states that "No dispute, claim, or controversy shall be eligible for submission to arbitration under this Code where

six (6) years have elapsed from the occurrence of the event giving rise to the act or dispute, claim or controversy."

4. Dean Witter also argues that even if some of Druz's claims are not barred by NASD § 10304, they are barred by their own statutes of limitation. The issue of whether these individual claims are barred by their statutes of limitation, however, goes to the merits of Druz's claims and is for the arbitrator, not the courts to decide. Dean Witter also argues that it is cloaked in both absolute and qualified litigation privileges as a result of its employees' cooperation with the grand jury in-

### III.

Because the District Court erred in addressing the question whether the bulk of Druz's claims for arbitration was barred under NASD § 10304 and in evaluating the merits of Druz's remaining underlying claims, we will vacate the judgment of the District Court and remand so that the District Court may refer the matter to arbitration. Costs taxed against Appellee.

vestigation. This argument is unavailing both because it goes to the merits of Druz's claims and therefore is not properly before us, and because we see no case law (and Dean Witter has pointed to none) which stands for the proposition that privileges that might protect Dean Witter's employees extend to Dean Witter itself.