**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| ENERGY TRANSFER EQUITY, L.P., et al., | ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. N19C-11-009 EMD CCLD |
| v. | ) ) | |
| TWIN CITY FIRE INSURANCE CO., et al., | ) ) ) | |
| Defendants. | ) | |

Submitted: October 15, 2020
Decided: October 16, 2020

**ORDER REFUSING TO CERTIFY MOVING INSURERS' APPLICATION
FOR CERTIFICATION OF INTERLOCUTORY APPEAL**

This 16th day of October, 2020, upon consideration of Moving Insurers' Application for Certification of an Interlocutory Appeal (the "Application")[1] filed by Defendants Twin City Fire Insurance Company, Allied World National Assurance Company, and Navigator Insurance Company (collectively, the "Moving Insurers") on October 5, 2020;[2] Plaintiff's Opposition to Moving Insurers' Application for Certification of an Interlocutory Appeal (the "Response") filed by Plaintiffs Energy Transfer Equity, L.P. ("Energy Transfer"), Regency GP LP, and Regency GP LLC (collectively, the "Insureds") filed on October 15, 2020;[3] the Court's Opinion[4] dated September 25, 2020 (the "Opinion");[5] Supreme Court Rule 42 ("Rule 42"); and this civil action's entire record:

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Opinion.
[2] D.I. No. 105.
[3] D.I. No. 107.
[4] D.I. No. 101.
[5] *Energy Transfer Equity, L.P. v. Twin City Fire Ins. Co.*, 2020 WL 5757343 (Del. Super. Sept. 25, 2020).

**INTRODUCTION**

1.      This civil action relates to disputes over indemnification under existing insurance policies.  On November 1, 2019, the Insureds filed a Complaint asserting claims against, among others, the Moving Insurers.[6]  Through the Complaint, the Insureds seek: (i) declaratory relief concerning a duty to indemnify (Count II);[7] and (ii) damages for anticipatory breach of contract arising out of the Moving Insurers purported repudiation under the directors' and officers' insurance policies issued by the Moving Insurers to the Insureds (Count I).[8]

2.      Energy Transfer and Regency GP LP are limited partnerships organized and existing under the laws of Delaware.[9]  Regency GP LLC is a limited liability company organized and existing under the laws of the State of Delaware.[10]  Regency GP LP is the general partner of Regency Energy Partners LP ("Regency").[11]  Regency GP LLC is the general partner of Regency GP LP.[12]

3.      As part of a risk management program, Energy Transfer annually purchased insurance, including director & officer ("D&O") insurance.[13]  The D&O insurance coverage tower in effect from February 28, 2014 to February 28, 2015 provides $170 million in Side C (entity) coverage in 17 layers of insurance, all in excess of a $3.5 million self-insured retention.[14] For the most part, all excess policies within the coverage tower "follow form" to Policy No. 00-DA-0228176-14 sold by the primary carrier, Twin City (the "Twin City Policy").[15]  As alleged in

---

[6] D.I. No. 1.
[7] Compl. ¶¶ 59-63.
[8] *Energy Transfer Equity, L.P.*, 2020 WL 5757343, at *1.
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] *Id.*
[13] *Id.* at *2.
[14] *Id.*
[15] *Id.*

the Complaint, "[f]ollow form" means that the excess policies incorporate and adopt the terms, conditions, definitions, and exclusions of the Twin City Policy, aside from attachment points and limits of liability.[16]

4. On or about June 10, 2015, a class of unitholders in Regency filed a class action lawsuit, *Dieckman v. Regency GP LP, et al.*, Case No: 11130-CB, D (the "*Dieckman* Action"), against, among others, Regency GP LP and Regency GP LLC, alleging breach of the Regency limited partnership agreement.[17] The *Dieckman* plaintiff is seeking approximately $2 billion in damages, interest, and fees.[18] Energy Transfer has defended the *Dieckman* Action for more than four years and trial took place in December of 2019.[19] The decision is under advisement.[20]

5. Energy Transfer timely notified all of its 2014-2015 coverage tower insurers of the *Dieckman* Action.[21] Twin City, the primary insurer, agreed to pay defense costs in excess of the retention amount, but disputes its obligation to pay for damages that the Insureds may incur in connection with any settlement of or judgment in the *Dieckman* Action.[22] The other Insurance Defendants adopted Twin City's coverage position and on that basis denied any obligation to pay damages in connection with any settlement of or judgment in the *Dieckman* Action.[23] The Insureds filed this civil action to pursue their rights of indemnification.

6. On January 31, 2020, the Moving Insurers filed a Motion to Dismiss under Superior Court Civil Rule 12(b)(2) (the "Motion").[24] The Moving Insurers argued that the Court lacks personal jurisdiction over them. The Moving Insurers contended that (i) Delaware's long-

---

[16] Compl. ¶ 32.
[17] *Energy Transfer Equity, L.P.*, 2020 WL 5757343, at *3.
[18] *Id.*
[19] *Id.*
[20] *Id.*
[21] *Id.*
[22] *Id.*
[23] *Id.*
[24] D.I. No. 71.

3

arm statute does not apply; and (ii) that exercising personal jurisdiction over the Moving Insurers would violate due process because the Moving Insurers are neither subject to general jurisdiction nor specific jurisdiction in Delaware. The Insureds opposed the Motion.

7. The Court denied the Motion. The Court applied Delaware's two-part analysis to determine whether personal jurisdiction exists over nonresident defendants.[25] "First, the Court must determine whether Delaware's long-arm statute is applicable. Second, the Court must determine whether subjecting a nonresident defendant to jurisdiction would violate due process."[26] The Court found that 10 *Del. C.* § 3104(c)(6) applied and that subjecting the Moving Insurers to jurisdiction in Delaware would not violate due process. In so doing, the Court noted that the Moving Insurers provided D&O Insurance to a Delaware entity that covered the Delaware entity's officers and directors. The Court also noted that the dispute arises in connection with the duty to indemnify with respect to the *Dieckman* Action which is pending in Delaware.

8. The Moving Insurers have now applied, under Rule 42, for certification of the Moving Insurers' interlocutory appeal of the Court's decision denying the Motion. The Moving Insurers argue that the Court improperly applied the two-part analysis. The Moving Insurers contend that the Application meets the criteria listed in Rules 42(b)(i)[27] and 42(b)(iii)(C), (D) and (G).[28] The Insureds oppose certification, arguing that the Opinion does not decide a substantial issue of material importance[29] and satisfies none of the Rule 42(b)(iii) factors.[30]

---

[25] *Energy Transfer Equity, L.P.*, 2020 WL 5757343, at *5.
[26] *AR Capital, LLC v. XL Specialty Ins. Co.*, 2019 WL 1932061, at *2 (Del. Super. Apr. 25, 2019)(citing *Matthew v. Fläkt Woods Group SA*, 56 A.3d 1023, 1027 (Del. 2012)). *See also Sessoms v. Richmond*, 2017 WL 6343548, at *2 (Del. Super. Dec. 8, 2017); *see also Hoechst Celanese Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 1991 WL 190313, at *1 (Del. Super. Sept. 10, 1991).
[27] App. at 7-8.
[28] *Id*. at 8-13.
[29] Res. at 4-7.
[30] *Id*. at 7-15.

4

**APPLICABLE STANDARD**

9.      Rule 42(b) dictates the standard for certifying an interlocutory appeal.  "No interlocutory appeal will be certified by the trial court or accepted by this Court unless the order of the trial court decides a substantial issue of material importance that merits appellate review before a final judgment."[31]  In deciding whether to certify an interlocutory appeal, the trial court must consider: (1) the eight factors listed in Rule 42(b)(iii);[32] (2) the most efficient and just schedule to resolve the case; and (3) whether and why the likely benefits of interlocutory review outweigh the probable costs, such that interlocutory review is in the interests of justice.[33]  "If the balance [of these considerations] is uncertain, the trial court should refuse to certify the interlocutory appeal."[34]

**DISCUSSION**

10.      Initially, the Court must determine if the Opinion "decides a substantial issue of material importance that merits appellate review before a final judgment."[35]  The "substantial issue of material importance" prong of Rule 42 requires that the matter decided goes to the merits of the case.[36]  Relying on *Genuine Parts Co. v. Cepec*,[37] the Moving Insurers claim that

---

[31] Del. Supr. Ct. R. 42(b)(i).
[32] Delaware Supreme Court Rule 42(b)(iii) provides that the trial court should consider whether:
      (A) The interlocutory order involves a question of law resolved for the first time in this State;
      (B) The decisions of the trial courts are conflicting upon the question of law;
      (C) The question of law relates to the constitutionality, construction, or application of a statute of this State, which has not been, but should be, settled by this Court in advance of an appeal from a final order;
      (D) The interlocutory order has sustained the controverted jurisdiction of the trial court;
      (E) The interlocutory order has reversed or set aside a prior decision of the trial court, a jury, or an administrative agency from which an appeal was taken to the trial court which had decided a significant issue and a review of the interlocutory order may terminate the litigation, substantially reduce further litigation, or otherwise serve considerations of justice;
      (F) The interlocutory order has vacated or opened a judgment of the trial court;
      (G) Review of the interlocutory order may terminate the litigation; or
      (H) Review of the interlocutory order may serve considerations of justice.  *See* Del. Supr. Ct. R. 42(b)(iii).
[33] *Id.*
[34] *Id.*
[35] *Id.* 42(b)(i).
[36] *Id.*
[37] 137 A.2d 123 (Del. 2016)(interlocutory appeal granted by order dated Oct. 13, 2015).

the Opinion satisfies Rule 42(b)(i).[38]  However, the Opinion does not resolve any merits of this

civil action.  An exercise of personal jurisdiction does not affect the merits of the Insureds claims

against the Moving Insurers.[39]  The Supreme Court has recognized this by repeatedly holding

that a denial of a motion to dismiss for lack of personal jurisdiction does not establish a legal

right or determine a substantial issue.[40]

11.    *Cepec* stands alone.  *Cepec* involved general jurisdiction and the trial court

decision seemed to directly conflict with a recent United States Supreme Court decision.  In fact,

the Court alluded to this exact situation in the Opinion:

> The Court notes that there have been a number of recent decisions concerning general jurisdiction that make it "tempting" to argue for lack of personal jurisdiction.  However, the facts in this civil litigation support the conclusion that the Court can exercise personal jurisdiction over the Moving Insurers.[41]

This case does not involve general jurisdiction and the Opinion relies upon well-settled law

concerning specific jurisdiction.[42]  For these reasons, the Court does not believe that Rule

42(b)(i) is satisfied.

12.    On the threshold requirement of a substantial issue of material importance, alone,

the Court would deny certification of the Application.[43]  For completeness, however, the Court

will also consider the factors set forth in Rule 42(b)(iii).

---

[38] App. at 7-8.

[39] *See, e.g., Cardona v. Hitachi Koto Co., Ltd.*, 2019 WL 956779, at *2 (Del. Super. Feb. 25, 2019); *Tower Hill Wealth Management, LLC v. Bander Family P'ship*, 2008 WL 4615865, at *2 (Del. Ch. Oct. 9, 2008).

[40] *See Jelin v. NRG Barriers, Inc.*, 682 A.2d 626 (Del.1996); *Tortuga Cos. Co. v. Nat'l Union Fire Ins. Co. Of Pittsburgh, Pa.*, 604 A.2d 419 (Del.1991).

[41] *Energy Transfer Equity, L.P.*, 2020 WL 5757343, at *5

[42] *Id*. at *5-6.

[43] *See, e.g., Steadfast Ins. Co. v. DBI Servs. LLC,* 221 A.3d 527 (Del. 2019) (TABLE) (denying interlocutory appeal that involved issues of contract interpretation); *Lexington Ins. Co. v. Almah LLC*, 167 A.3d 499 (Del. 2016) (TABLE) (denying interlocutory appeal upon noting the "dispute turn[s] on issues of contract interpretation"); *Robino–Bay Court Plaza, LLC v. West Willow–Bay Court, LLC*, 941 A.2d 1019 (Del. 2007) (TABLE) (declining to grant interlocutory appeal of this court's construction of the operative contract); *McKnight v. USAA Cas. Ins. Co.*, 872 A.2d 959 (Del. 2005) (TABLE) (declining interlocutory appeal where "the trial court applied well-established principles of contract interpretation and thus the case did not involve a matter of first impression").

13.     The Court must consider all eight factors in Rule 42(b)(iii), but "[a]fter considering these factors and its own assessment of the most efficient and just schedule to resolve the case, [the Court] should identify whether and why the likely benefits ... outweigh the probable costs, such that interlocutory review is in the interests of justice."[44]  Here, the Moving Insurers argue that three of the eight factors are met and the Court should certify the interlocutory appeal.

14.     The Moving Insurers maintain that the Application meets the criteria set forth in Rules 42(b)(iii)(C) and (D).  The Court agrees that the Opinion sustained controverted jurisdiction.  However, the Opinion is based on existing Delaware precedents established from the Delaware long-arm statute, 10 *Del. C.* § 3104(c)(6).  By applying the long-arm statute, the Opinion arguably involves a question of law relating to the "constitutionality, construction, or application" of a statute.  As discussed above, the issue of personal jurisdiction on which the Moving Insurers now seek to appeal is not "a substantial issue of material importance" as that phrase has been construed.

15.     Moreover, the Moving Insurers' argument regarding *Burger King Corp. v. Rudzewicz,*[45] *Walden v. Fiore,*[46] *Bristol-Myers Squibb Co. v. Superior Court of California*[47] is misplaced.  Both *Burger King*[48] and *Walden*[49] recognize that specific jurisdiction can exist when a non-resident enters into a contractual relationship that envisioned continuing contacts in the forum State.  While not citing to those two decisions, the Opinion expressly addresses that point:

> the Moving Insurers entered into D&O insurance contracts with Delaware corporations that provided coverage for those corporations' officers and directors.

---

[44] Del. Supr. Ct. R. 42(b)(iii).
[45] 471 U.S. 462 (1985).
[46] 571 U.S. 277 (2014).
[47] 137 S. Ct. 1773 (2017).
[48] *Burger King*, 471 U.S. at 479-80.
[49] *Walden*, 571 U.S. at 285.

7

In insuring Delaware entities, formed under the laws of this State, the Moving Insurers must have foreseen the possibility that they could have been haled into Delaware. The Court cannot point to any statistical analysis, but rarely are officers and directors of a Delaware entity sued for a breach of fiduciary duty outside of Delaware. This means the duty to defend and indemnify would likely be in Delaware, and any coverage dispute litigation would be in Delaware. Also relevant to this inquiry as well is Delaware's interest in adjudication of the dispute. The *Dieckman* Action is pending in the Court of Chancery. The Complaint asserts causes of action that relate to the duties of the Insurance Defendants, including the Moving Insurers, to indemnify for a "Loss" incurred in that litigation.[50]

Accordingly, as in *Burger King*, the Court determined that the Moving Insurers are subject to the personal jurisdiction of the Court.[51] Lastly, *Bristol-Myers Squibb* is not a specific jurisdiction case between contracting parties and, instead, involves a general jurisdiction tort claim between two nonresidents.[52]

16. The Court does not believe that a successful interlocutory appeal would necessarily terminate the litigation in its *entirety*. Surely the interlocutory appeal, if granted and the Opinion overturned, would terminate the litigation against the Moving Insurers, but there are still other defendants remaining in this civil action. The Moving Insurers claim that they are necessary and indispensable parties under Civil Rule 19. The Moving Insurers cite to *AR Capital, LLC v. XL Specialty Ins. Co*[53] as supporting authority. The *AR Capital* decision does not address whether the primary insurer in a follow form insurance tower is a necessary or indispensable party. In *AR Capital*, the Court found that additional insureds—not additional insurers—were not necessary or indispensable parties.[54] The Court has not found any Delaware

---

[50] *Energy Transfer Equity, L.P.*, 2020 WL 5757343, at *6.
[51] *Burger King*, 471 U.S. at 479-80.
[52] *Bristol-Myers Squibb Co.*, 137 S. Ct. at 1781.
[53] 2019 WL 1932061 (Del. Super. Apr. 25, 2019).
[54] *Id*. at *7.

decisions on this point, and does not believe that the issue is a straightforward as the Moving Insurers argue in the Application.[55]

17.    The Moving Insurers argue that review of the Opinion may serve considerations of justice and outweigh probable costs. The Court does not believe that certification would promote the most efficient and just schedule to resolve this case. "Interlocutory appeals should be exceptional, not routine, because they disrupt the normal procession of litigation, cause delay, and can threaten to exhaust scarce party and judicial resources."[56] This case is not exceptional nor does it involve a substantial issue of material importance.

18.    For the reasons set forth above, the Court does not believe that the likely benefits of interlocutory review outweigh the probable costs, such that interlocutory review is in the interests of justice. The Opinion handles a discrete issue of this litigation but if overturned would not necessarily terminate this litigation entirely. The issue does not involve novel legal principles applied for the first time in Delaware. "If the balance [of these considerations] is uncertain, the [Court] should refuse to certify the interlocutory appeal."[57] Accordingly, the Court finds that the Moving Insurers have not met Rule 42's strict standards for certification.

## CONCLUSION

**IT IS HEREBY ORDERED** that certification to the Supreme Court of the State of Delaware for disposition in accordance with Rule 42 is **REFUSED.**

Dated:  October 16, 2020
Wilmington, Delaware

*/s/ Eric M. Davis*
Eric M. Davis, Judge

cc:    File&ServXpress

---

[55] *See, e.g., Koppers Co., Inc. v. Aetna Cas. and Sur. Co.*, 158 F.3d 170, 176 (3d Cir. 1998)(holding, after analyzing all terms of the relevant policies, that one of the underlying insurers was not a necessary or indispensable party).
[56] Del. Supr. Ct. R. 42(b)(ii).
[57] Del. Supr. Ct. R. 42(b)(iii).

9