**GENERAL REFRACTORIES COMPANY,**

v.

**FIRST STATE INSURANCE CO., et al.**

No. Civ.A. 04–3509.

United States District Court, E.D. Pennsylvania.

Sept. 27, 2005.

Barry L. Katz, Bala Cynwyd, PA, for Plaintiff.

Ann M. Ungvarsky, William J. Bowman, Hogan & Hartson, LLP, Washington, DC, Howard M. Cyr, Paul M. Quinones, Harvey Pennington Cabot Griffith & Renneisen, Ltd, C. Lawrence Holmes, James J. Rodgers,

Francis P. Maneri, Dilworth, Paxson, LLP, Elit R. Felix, II, Margolis Edelstein, Kimberly A. Hendrix, Samuel J. Arena, Jr., Stradley, Ronon, Stevens & Young LLP, Paul M. Hummer, Saul Ewing LLP, Miles Edmiston Twaddell, III, Christie, Parabue, Mortensen & Young, Philadelphia, PA, Chester F. Darlington, Marshall, Dennehey, Warner, Coleman & Goggin, Marjorie A. Weiss, White & Williams LLP, Phila, PA, Karen H. Moriarty, Kevin E. Wolff, Neil M. Day, Coughlin Duffy LLP, Morristown, NJ, Ann M. Ungvarsky, M. Paul Gorfinkel, Rivkin, Radler, Bayh, Hart & Kremer, Uniondale, NY, Robert E. Stagg, Perrie, Buker & Stagg, P.C., Atlanta, GA, Wendy H. Koch, Koch & Corboy, Jenkintown, PA, Wendy E. Schultz, Lynberg & Watkins, Los Angeles, CA, James F. McNaboe, Cortner McNaboe Colliau & Elenius, Monmouth Junction, NJ, Daniel I. Schlessinger, Jennifer Gallagher, Lord, Bissel, & Brook, Chicago, IL, for Defendants.

## *MEMORANDUM*

LUDWIG, District Judge.

■ Five of the 16 excess and umbrella insurance carrier defendants[1] named in this declaratory judgment action jointly move to dismiss the complaint of plaintiff General Refractories Company for failure to join indispensable parties. Fed.R.Civ.P. 12(b)(7).

1. Moving defendants are Puritan Insurance Company, now known as Westport Insurance Corporation, One Beacon America Insurance Company, as successor in interest to Potomac Insurance Company (improperly identified in the complaint as Potomac Insurance Company of Illinois), American Empire Surplus Lines Insurance Company, Centennial Insurance Company, and Sentry Insurance Co. Neither American Empire nor Centennial asserted failure to join an indispensable party as an affirmative defense, which plaintiff incorrectly views as a waiver. A failure to join an indispensable party goes to subject matter jurisdiction, which is non-waivable, albeit failure to join a necessary party is waived if not asserted. *State Farm Mut. Auto. Ins. Co. v. Mid–Continent Cas. Co.*, 518 F.2d 292, 294 (10th Cir. 1975); *UTI Corp. v. Fireman's Fund Ins. Co.*, 896 F.Supp. 389, 391 (D.N.J.1995).

2. The Absent Insurers include National Union Fire Ins. Co. of Pittsburgh, The American Insurance Company, California Union Ins. Co., Granite State Ins. Co., Mission Ins. Co, Old Republic Ins. Co., Century Indemnity Co., Ins. Co. of the State of Pennsylvania, American Centennial Ins. Co., and The Protective National Ins. Co. of

The motion will be granted, and the action will be dismissed.

Jurisdiction is diversity. 28 U.S.C. § 1332. Plaintiff, a manufacturer and distributor of asbestos-containing products, has been sued in thousands of federal and state court lawsuits—the "Underlying Actions" referred to in the complaint. Complaint, ¶¶ 22–23. Plaintiff submitted these claims to its comprehensive general liability insurers, which tendered defenses and indemnification until their policy limits were exhausted. *Id.*, ¶¶ 32–33. On one basis or another, all of defendants' policies purport to exclude asbestos-related personal injury claims; and defendants denied coverage. *Id.*, ¶¶ 34–35. The complaint asserts that the exclusions are invalid and ineffective. *Id.*, ¶¶ 39–58. Complaint, Counts I (declaratory judgment) and II (breach of contract).

■ The essence of defendants' dismissal motion is that the complaint does not include all of plaintiff's excess and umbrella insurers—and that these "Absent Insurers" are indispensable to this action.[2] At issue: (1) are the Absent Insurers necessary parties under Rule 19(a) and, if so, is joinder feasible? (2) If joinder is not feasible, are the Absent Insurers indispensable, requiring dismissal? Fed.R.Civ.P. 19(a)[3] and (b).[4] Join-

Omaha. The extent of the Absent Insurers' coverage is as much as $155 million; the named defendants, as much as $221 million. Letter from Barry L. Katz, Esq., attorney for plaintiff, dated July 22, 2005.

3. Relevantly, Rule 19(a) states:

A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

4. Rule 19(b):

If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court

der here would destroy diversity jurisdiction inasmuch as the following six Absent Insurers are non-diverse: Granite State, Insurance Co. of the State of Pennsylvania, National Union Fire Ins. Co. of Pittsburgh, Old Republic Ins. Co., California Union Ins Co., and Century Indemnity.

"Under Rule 19(a), we ask first whether complete relief can be accorded to the parties to the action in the absence of the unjoined party." *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 405 (3d Cir.1993); *UTI Corp. v. Fireman's Fund Ins. Co.*, 896 F.Supp. 389, 392 (D.N.J.1995). An absent party may also be necessary under Rule 19(a)(2), if "a determination of the rights of the parties before [the court] would impair or impede an absent party's ability to protect its interest in the subject matter of the litigation," Rule 19(a)(2)(i); *UTI*, 896 F.Supp. at 393,[5] or if continuing the action in the absence of the absent party would subject a named defendant to "the substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest," Rule 19(a)(2)(ii).[6] If a party is necessary under either of these tests, and joinder is not feasible, the ultimate inquiry is whether the party is indispensable under Rule 19(b). "If it is not feasible to join a necessary party, for example, where joinder will destroy diversity jurisdiction, the Court must determine whether the action can continue without the absent party or whether the action must be dismissed." *Universal Underwriters Ins. Co. v. Tony DePaul & Sons. Inc.*, 2001 WL 1175146, *2 (E.D.Pa.,

July 25, 2001), citing *Scott Paper Co. v. Nat'l. Cas. Co.*, 151 F.R.D. 60, 61 (E.D.Pa.1993).

Movants contend that the Absent Insurers are necessary in that the policies at issue include "follow form" language, "other insurance" clauses, "pro rata allocation" formulas, and exhaustion requirements. These provisions and cross-references, they maintain, require interpretation of absent policies and the making of critical fact determinations. In turn, the crafting and terms of a judgment would undoubtedly affect Absent Insurers. *See Gould, Inc. v. Arkwright Mut. Ins. Co.*, 1995 WL 807071 (M.D.Pa., Nov.8, 1995).

In *Gould*, an absent insurer was held to be "necessary" under Rule 19(a) in an insured's declaratory judgment action in which the policies of two excess insurer defendants followed form to that of the missing, non-diverse underlying insurer. *Id.* at *3–4 (because exhaustion of underlying policy was prerequisite to proceeding against excess carriers, underlying insurer was necessary party under Rule 19(a)). *See also Moore's Federal Practice 3d*, at § 19.06[5], citing *Schlumberger Indus., Inc. v. National Sur. Corp.*, 36 F.3d 1274, 1286 (4th Cir.1994)

Plaintiff acknowledges that at least one of the policies in dispute follows form to a policy issued by an Absent Insurer.[7] Accordingly, as in *Gould*, Century Indemnity is a necessary party under Rule 19(a), and it is one of the non-diverse Absent Insurers. It is therefore necessary to determine whether Century Indemnity, or any other Absent Insurer, is indispensable under Rule 19(b).

shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or to those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

5. In *Janney*, relied upon by plaintiff, our Court of Appeals stated that the "possibility of a 'persua-

sive precedent' " does not require joinder under Rule 19(a)(2)(I). *Janney*, 11 F.3d at 407.

6. *Janney* found that Rule 19(a)(1)(ii) was not intended to protect against the possibility that a named defendant might bear the entire loss—in a joint and several liability setting where only one obligor was a named defendant. *Janney*, at 412. The named defendant may sue the absent co-obligor for contribution. *Id.*

7. "Great Southwest Fire's policy follows form to a Lexington policy ... which in turn follows form to a Century Indemnity policy, which is not a defendant in this case." June 10, 2005 letter from Barry L. Katz, Esq., p. 2, n. 4, referencing "Absent Excess Insurance Companies." Chart, submitted by defendants, marked up by plaintiff, and submitted with the June 10 letter.

As to indispensability under Rule 19(b), it has been said that:

> Separate proceedings in which fewer than all insurers are parties might result in prejudice to the insured. Inconsistent findings regarding coverage in different courts could lead to separate judgments that leave the insured with less than the full coverage to which it is entitled. Thus, the absentee insurers would be found necessary. In actions involving a determination of the extent of insurance coverage during a given period, all insurance providers for that period whose joinder is not feasible may be indispensable.

Moore's Federal Practice 3d, § 19.06[5], citing *Schlumberger Indus., Inc. v. National Sur. Corp.*, 36 F.3d at 1286.

■ Here, the threshold declaratory judgment issues involve coverage, not apportionment of liability.[8] According to movants, the non-presence of even one Absent Insurer could produce inconsistent findings in different courts—in regard to the applicability of asbestos exclusions, the events triggering coverage, and the allocation of coverage under all of the policies. Without the Absent Insurers, it is highly unlikely that a judgment could be fashioned that would not be either unduly favorable or prejudicial to the some of the other parties. It is also unlikely that a plaintiff's award would be adequate if rendered against fewer than all potentially responsible insurers. No shaping of the judgment could avoid these coverage issue possibilities.

However, plaintiff can file this action in state court, where all defendants may be joined in one action and complete relief afforded. Rule 19(b). This action will be dismissed.

---

8. As to allocation, the Pennsylvania Supreme Court has held that when several insurance companies are liable for an asbestos-related loss, their liability is joint and several. *J.H. France Refractories Co. v. Allstate Ins. Co.*, 534 Pa. 29, 626 A.2d 502, 508–09 (1993). This is the premise of plaintiff's countervailing argument that the Absent Insurers are not indispensable because joint tortfeasors are not even necessary parties. *Temple v. Synthes Corp.*, 498 U.S. 5, 8, 111 S.Ct. 315, 112 L.Ed.2d 263 (1990) ("a tortfeasor with the usual joint-and-several liability is merely a permissive party to an action against another with like liability."); *Field v. Volkswagenwerk A.G.*, 626 F.2d 293, 298 & n. 7 (3d Cir.1980) ("joint tort-feasors are merely permissive parties to an action, they are not indispensable."); Moore's Federal Practice 3d, § 19.06[2]. However, given the fact combinations and permutations presented by the insurers' various policy provisions as to coverage, this is not a garden variety joint and several tortfeasor exercise. These complications militate in favor of having all the parties before the same court in one proceeding.

Plaintiff and six of the defendants objected to this court's contacting the Absent Insurers to ascertain their positions.