

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-28-2007

# Gen Refractories Co v. First State Ins Co

Precedential or Non-Precedential: Precedential

Docket No. 05-4708

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

### Recommended Citation

"Gen Refractories Co v. First State Ins Co" (2007). *2007 Decisions.* Paper 485.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/485

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-4708

GENERAL REFRACTORIES COMPANY,

Appellant

v.

FIRST STATE INSURANCE CO.; WESTPORT INSURANCE
CORPORATION, SUCCESSOR TO, OR formerly known as
PURITAN INSURANCE COMPANY;
LEXINGTON INSURANCE COMPANY; CENTENNIAL
INSURANCE COMPANY; GRANITE STATE INSURANCE
COMPANY; POTOMAC INSURANCE COMPANY
OF ILLINOIS; HARTFORD ACCIDENT & INDEMNITY CO.;
GOVERNMENT EMPLOYEES INSURANCE CO.; REPUBLIC
INSURANCE CO.; SENTRY INSURANCE COMPANY,
SUCCESSOR TO, OR formerly known as VANLINER
INSURANCE COMPANY formerly known as GREAT SW FIRE
INSURANCE CO.; AMERICAN INTERNATIONAL INS. CO.; AIU
INSURANCE COMPANY; HARBOR INSURANCE COMPANY;
ST. PAUL TRAVELERS CO., SUCCESSOR TO, OR formerly
known as AETNA CASUALTY & SURETY COMPANY;
AMERICAN EMPIRE INSURANCE CO.; ACE USA INC., AS
SUCCESSOR TO INTERNATIONAL INSURANCE COMPANY

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 04-3509)
Honorable Edmund V. Ludwig, District Judge

Argued June 14, 2007

BEFORE: FUENTES, GREENBERG and
NYGAARD, Circuit Judges

1

(Filed: August 28, 2007)

_____

Barry L. Katz (Argued)
225 City Avenue, Suite 14
Bala Cynwyd, PA 19004

    Attorney for Appellant General Refractories Co.

John N. Ellison
Michael Conley (Argued)
Jocelyn A. Gabrynowicz
Anderson Kill & Olick, P.C.
1600 Market Street, Suite 2500
Philadelphia, PA 19103

Amy Bach
42 Miller Ave.,
Mill Valley, CA 94941

    Attorneys for Amicus Curiae United Policyholders
    in support of General Refractories Co.

Francis P. Maneri (Argued)
Dilworth Paxson LLP
3200 Mellon Bank Center
1735 Market Street
Philadelphia, PA 19103-7595

    Attorneys for Appellee Westport Insurance Corp.
    (successor to Puritan Insurance Co.)

Paul M. Hummer
Joseph Monahan
Saul Ewing LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102-2186

    Attorneys for Appellee American Empire
    Surplus Lines Insurance Company

Marc P. Gorfinkel

Rivkin Radler, LLP
926 RexCorp Plaza
Uniondale, NY 11556-0926

Wendy H. Koch
Koch & Corboy
101 Greenwood Avenue
Suite 460
Jenkintown Plaza, PA 19046

    Attorneys for Appellee Sentry Insurance Co.

Cynthia Ruggerio
Christie, Pabarue, Mortensen & Young
1880 John F. Kennedy Boulevard, 10th Floor
Philadelphia, PA 19103

    Attorneys for Appellee One Beacon America Insurance
    Company, as successor in interest to Potomac
    Insurance Company (improperly identified as
    Potomac Insurance Company of Illinois)

Kevin E. Wolff
Karen H. Moriarty
Couglin Duffy, LLP
350 Mount Kemble Avenue
Morristown, NJ 07962-1917

    Attorneys for Appellee Centennial Insurance Company

—————

OPINION OF THE COURT

—————

GREENBERG, Circuit Judge.

## I.  INTRODUCTION

Plaintiff General Refractories Company ("GRC") appeals from the district court's dismissal of its declaratory judgment and

breach of contract action against 16 defendant insurance companies[1] for failure to join parties as defendants pursuant to Federal Rule of Civil Procedure 12(b)(7). In particular, it asks us to consider whether the district court erred in determining that various insurers GRC did <u>not</u> name in its complaint as defendants, i.e., the absent insurers, were both "necessary" and "indispensable" to this action as Federal Rule of Civil Procedure 19 defines those terms. For the reasons that follow, we conclude that they were neither, and, accordingly, we will reverse.

## II. FACTS AND PROCEDURAL HISTORY

GRC is a manufacturer, distributor, and seller of asbestos-

---

[1]In its complaint GRC named as defendants the following 16 insurance companies: First State Insurance Co. (i/c/o Hartford Accident & Indemnity Co.); Westport Insurance Co. (f/k/a Puritan Insurance Co.); Lexington Insurance Co.; Centennial Insurance Co.; Granite State Insurance Co.; Potomac Insurance Co. of Illinois; Hartford Accident and Indemnity Co.; Government Employees Insurance Co.; Republic Insurance Co.; Sentry Insurance Co. (f/k/a Vanliner Insurance Co. and Great Southwest Fire Insurance Co.); American International Insurance Co.; AIU Insurance Co.; Harbor Insurance Co.; St. Paul Travelers (f/k/a Aetna Casualty & Surety Co.); American Empire Insurance Co.; and ACE USA (as successor to International Insurance Co.). J.A. at 59a-61a.

In its brief before this court, defendants make a distinction between "certain defendants" (i.e., those defendants responding to GRC's appeal) and "defendants" generally (i.e., those defendants named by GRC in its complaint). The term "certain defendants" is defined as including: Puritan Insurance Co. (n/k/a Westport Insurance Corp.); OneBeacon America Insurance Co. (successor-in-interest to Potomac Insurance Co., which company is identified by appellants as Potomac Insurance Co. of Illinois); Sentry Insurance Co.; Centennial Insurance Co.; and American Empire Surplus Lines Insurance Co. Appellees' br. at 1 n.1. We nevertheless regard all defendants as appellees as the district court dismissed the action as to all of them, though we sometimes use the term "defendants" as including only the appellees participating in this appeal. The context makes clear how we are using the term.

containing products that plaintiffs have named as a defendant in thousands of asbestos-related lawsuits filed throughout the United States in both state and federal courts. GRC maintains that from 1979 to 1986, it purchased excess and umbrella liability insurance policies from either defendants or their predecessors-in-interest.[2] Notwithstanding its acquisition of these policies, GRC's attempts to obtain coverage from defendants for asbestos claims filed against it have met with little success thus far.[3] See Gen. Refractories Co. v. First State Ins. Co. ("GRC"), 234 F.R.D. 99, 100 (E.D. Pa. 2005) ("Plaintiff submitted these claims to its comprehensive general liability insurers, which tendered defenses and indemnification until their policy limits were exhausted. On one basis or another, all of defendants' policies purport to exclude asbestos-related personal injury claims; and defendants denied coverage.") (internal citations omitted).

On July 23, 2004, GRC filed a two-count complaint in the district court against defendants. First, GRC sought a declaratory judgment "that any asbestos-related exclusions in [defendants'] Policies [we]re invalid and unenforceable" and that defendants were required "to pay for GRC's defense of the Underlying Actions, and to reimburse GRC for, or pay on behalf of GRC, any and all judgments or settlements reached in the Underlying Actions, until such time as the total aggregate limits of each of the foregoing insurance policies have been exhausted." J.A. at 69-70. Second, GRC stated a breach of contract claim, alleging that defendants had "refused to honor their obligations to provide GRC with a defense or indemnification in and for the Underlying Actions" and seeking, among other things, "[t]he entry of an award requiring the Defendants to pay GRC all monetary damages suffered by GRC caused by their breaches, including, without limitation, compensatory damages, consequential damages, prejudgment interest, post-judgment interest, and attorneys' fees and costs." Id. at 70-71. It is undisputed that GRC expressly chose not to name all of the insurers that provided it with coverage because it believed that some of the policies were subject to releases, their limits

---

[2]Excess insurers are those who contract to provide coverage only when the amount of the claim is beyond that of a primary insurer.

[3]It appears GRC did not seek coverage from its excess and umbrella insurers until after it had exhausted its coverage under those policies not containing asbestos-related exclusions. See Appellant's br. at 3 & n.1.

5

had been exhausted, or the insurers who had issued the policies were insolvent or non-diverse from GRC.[4]

After GRC filed its complaint, five of the 16 excess and umbrella insurance companies named as defendants moved to dismiss the same pursuant to Federal Rule of Civil Procedure 12(b)(7) for failure to join indispensable parties under Federal Rule of Civil Procedure 19. Defendants predicated their motions on the theory that GRC had failed to name all of the excess and umbrella insurers that had provided it with coverage from 1979 to 1986, and that these absent insurers were indispensable to the action.[5] Significantly, if GRC had joined the absent insurers in the action, the district court would not have had subject matter jurisdiction as some of these insurers were non-diverse.

The district court agreed with defendants in an order issued September 27, 2005. In the order the court reached two particularly significant conclusions for present purposes: First, insofar as GRC acknowledged that "at least one of the policies in dispute follows form to a policy issued by an Absent Insurer [i.e., Century Indemnity Co.]," the court concluded that the absent insurer was a "necessary" party under Rule 19(a).[6] GRC, 234 F.R.D. at 101. The court went on to observe that:

_____

[4]GRC subsequently, without objection from defendants, obtained an order of the district court dismissing one named defendant on grounds that it was non-diverse.

[5]The district court listed the following companies as "absent insurers": National Union Fire Insurance Co. of Pittsburgh; The American Insurance Co.; California Union Insurance Co.; Granite State Insurance Co.; Mission Insurance Co.; Old Republic Insurance Co.; Century Indemnity Co.; Insurance Co. of the State of Pennsylvania; American Centennial Insurance Co.; and The Protective National Insurance Co. of Omaha. GRC, 234 F.R.D. at 101 n.2. According to the district court, "[t]he extent of the Absent Insurers' coverage is as much as $155 million; the named defendants, as much as $221 million." Id.

[6]Specifically, the district court cited GRC's acknowledgment that a policy issued by Great Southwest Fire Insurance Co. followed form to a policy issued by Lexington Insurance Co., which, in turn, followed form to a policy issued by Century Indemnity Co. GRC, 234 F.R.D. at 101 n.7.

Without the Absent Insurers, it is highly unlikely that a judgment could be fashioned that would not be either unduly favorable or prejudicial to . . . some of the other parties. It is also unlikely that a plaintiff's award would be adequate if rendered against fewer than all potentially responsible insurers. No shaping of the judgment could avoid these coverage issue possibilities.

Id. at 102. Accordingly, the court found that all the absent insurers, rather than just Century Indemnity Co., were "indispensable" parties under Rule 19(b). Id. The court thus dismissed GRC's complaint as joining the absent insurers would destroy diversity of citizenship jurisdiction. It indicated, however, that GRC could refile the action in state court "where all defendants may be joined in one action and complete relief afforded." Id. GRC moved for reconsideration of that order, but the court denied that motion on October 27, 2005. GRC has appealed from these two orders.

### III. JURISDICTION

The district court had diversity of citizenship jurisdiction over this declaratory judgment and breach of contract action pursuant to 28 U.S.C. § 1332. We have jurisdiction over the final order of the district court dismissing GRC's complaint and the order denying reconsideration of that order pursuant to 28 U.S.C. § 1291.

To the extent that the district court premised its Rule 19(a) determination that the absent insurers' joinder was necessary on a conclusion of law, our review is plenary. Janney Montgomery Scott, Inc. v. Shepard Niles, Inc., 11 F.3d 399, 404 (3d Cir. 1993). By contrast, we would review any subsidiary findings of fact for clear error only. Id.[7] Our review of the district court's Rule 19(b) determination that the absent insurers were indispensable, and dismissal is required because their joinder would destroy subject

---

[7]We note, however, that we are not reaching our result by rejecting the findings of historical facts underlying the district court's order of dismissal or order denying reconsideration. Thus, our opinion depends on our conclusions of law rather than on the resolution of disputed findings of fact.

7

matter jurisdiction in diversity, is for abuse of discretion. Id. at 403; see also Koppers Co. v. Aetna Cas. & Sur. Co., 158 F.3d 170, 174 (3d Cir. 1998).

## IV. DISCUSSION

Federal Rule of Civil Procedure 19 specifies the circumstances in which the joinder of a particular party is compulsory. In reviewing the district court's conclusion in this regard, we first must determine whether the absent insurers should be joined as "necessary" parties under Rule 19(a). If they should be joined, but their joinder is not feasible inasmuch as it would defeat diversity of citizenship (as would be the case here), we next must determine whether the absent parties are "indispensable" under Rule 19(b).[8] Should we answer this question in the affirmative, the action cannot go forward. Janney Montgomery Scott, 11 F.3d at 404 (citing Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs., 844 F.2d 1050, 1053-54 (3d Cir. 1988)). Relatedly, should we decide that the district court erred in its conclusion that the absent insurers were "necessary" parties under Rule 19(a), we need not reach or decide the question of whether it abused its discretion by holding the absent insurers were "indispensable" under Rule 19(b), though we are not precluded from doing so to reach an alternative basis for our result. Id.

A. Rule 19(a)

Under Rule 19(a), the joinder of parties is compulsory or "necessary" if their joinder is "feasible." Specifically, the rule states in material part:

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those

---

[8]We note that GRC did not join insurers who were insolvent or whose policies had been exhausted. GRC should be commended for omitting them as a plaintiff should not make a person a party to a lawsuit, and thereby require it to incur defense expenses, unless there is a good reason to do so.

already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Courts treat clauses (1) and (2) in the disjunctive just as the rule phrases them. See Koppers, 158 F.3d at 175 ("As Rule 19(a) is stated in the disjunctive, if either subsection is satisfied, the absent party is a necessary party that should be joined if possible."). Additionally, and as we discussed above, a holding that joinder is compulsory under Rule 19(a) is a necessary predicate to a district court's discretionary determination under Rule 19(b) that it must dismiss a case because joinder is not feasible (i.e., will defeat diversity) and the party is indispensable to the just resolution of the controversy. See Janney Montgomery Scott, 11 F.3d at 405.

### 1. Rule 19(a)(1)

Under Rule 19(a)(1) we ask whether complete relief may be accorded to those persons named as parties to the action in the absence of any unjoined parties. As should be apparent, we necessarily limit our Rule 19(a)(1) inquiry to whether the district court can grant complete relief to persons already named as parties to the action; what effect a decision may have on absent parties is immaterial. Angst v. Royal Maccabees Life Ins. Co., 77 F.3d 701, 705 (3d Cir. 1996) ("Completeness is determined on the basis of those persons who are already parties, and not as between a party and the absent person whose joinder is sought."); Janney Montgomery Scott, 11 F.3d at 405 (same).

The district court, relying on Gould, Inc. v. Arkwright Mutual Insurance Co., No. 3 CV-92-403, 1995 WL 807071 (M.D. Pa. Nov. 8, 1995), found that because "at least one of the policies in dispute follows form to a policy issued by an Absent Insurer [i.e., Century Indemnity Co.]," it was necessary to determine whether that absent insurer "or any other" absent insurer was indispensable under Rule 19(b). GRC, 234 F.R.D. at 101. We hold that the court erred in its

conclusion.[9]

Pennsylvania law, which the parties agree governs the substantive aspects of this action to the extent of establishing the scope of defendants' liability, plainly holds that once multiple policies have been triggered for an indivisible loss (as is the case here), the insured is "free to select the policy or policies under which it is to be indemnified." J.H. France Refractories Co. v. Allstate Ins. Co., 626 A.2d 502, 508 (Pa. 1993) (determining whether various insurance companies were liable for the defense and indemnification of an insured for asbestos-related claims and, if so, how that liability should be apportioned). Further, "[w]hen the policy limits of a given insurer are exhausted," the insured "is entitled to seek indemnification from any of the remaining insurers which was on the risk." Id. Cognizant of insurers' fear that a single company might be "stuck" with full liability for an injury, the Pennsylvania Supreme Court added that its opinion "does not alter the rules of contribution or the provisions of 'other insurance' clauses in the applicable policies. There is no bar against an insurer obtaining a share of indemnification or defense costs from other insurers under 'other insurance' clauses or under the equitable doctrine of contribution." Id. Given these legal precepts, there can be no doubt that, as in J.H. France, liability for coverage in the instant matter is similarly joint and several. See also Koppers Co. v. Aetna Cas. & Sur. Co., 98 F.3d 1440, 1449 (3d Cir. 1996) (noting that in J.H. France the Pennsylvania Supreme Court held that "the insurers whose coverage had been triggered were jointly and severally liable for the full amount of the claim up to policy limits, and . . . the insured was entitled to select the policy or policies under which it would be indemnified").

We have recognized that where liability is joint and several among multiple parties, a court may grant complete relief with respect to any one of them subject, of course, to policy limits. Janney Montgomery Scott, 11 F.3d at 406 (citing cases for proposition that where liability is joint and several, a plaintiff may sue them separately in federal court). Accordingly, it follows that the absent insurers

---

[9]In its order, the district court did not indicate the subsection of Rule 19(a) on which it based its conclusion that either Century Indemnity Co. or any of the other absent insurers were "necessary" parties to this action. GRC, 234 F.R.D. at 101. The court's reliance on Gould provides no further illumination on the matter. See 1995 WL 807071, at *3-4. We thus consider each of the subsections in turn.

10

generally, and Century Indemnity Co. in particular, are not "necessary" parties under subsection (a)(1) of Rule 19 as the court can grant complete relief to GRC from any insurer it named as a party to this action.[10]  See id.; see also UTI Corp. v. Fireman's Fund Ins. Co., 896 F. Supp. 389, 393 (D.N.J. 1995) (noting "where liability is several, complete relief may be granted in a suit against any one of the severally liable parties").

Defendants rely on a district court's decision in City of Littleton v. Commercial Union Assurance Cos., 133 F.R.D. 159 (D. Colo. 1990), to support their argument, but that case is not inconsistent with our conclusion that GRC may obtain complete relief in this case without the joinder of the absent insurers.[11]  In City of Littleton the plaintiffs sued one of their primary insurance carriers as well as two excess insurance carriers, seeking coverage for potential hazardous waste cleanup liability.  The defendants moved to dismiss the complaint, alleging that two of the plaintiffs' primary insurance carriers not named to the suit were "indispensable" parties under Rule 19.  In conducting its Rule 19(a)(1) analysis, the district court agreed that, at least with respect to the excess insurers, the absent primary insurers were "necessary" parties to the suit as otherwise it could not accord complete relief to the plaintiffs.  Id. at 163.

In particular, the City of Littleton court deemed significant the circumstances that (1) the liability of at least one excess insurer was dependent upon a determination of whether the absent primary insurers' policies provided coverage; (2) one of the excess insurer's policy provisions could not be triggered until the obligations of all the primary insurers had been determined; and (3) one of the plaintiffs

_____

[10]Notably, neither side disputes that at least some of the policies issued by defendants in GRC's complaint do not follow form to those of the absent insurers.  See appellees' br. at 5 ("A number of the insurers that GRC named as defendants provided coverage that either follows form to, or otherwise refers to definitions, terms and conditions of one or more of these absent underlying policies.") (emphasis added).  Given the rules of joint and several liability, regardless of what the district court believed with respect to Century Indemnity Co., it is difficult to understand why the court did not hold that at least these other parties were not "necessary" under Rule 19(a)(1).

[11]Of course, City of Littleton would not bind us even if it involved a situation not distinguishable from that at issue here.

11

purportedly was breaching a contract provision by failing to proceed against all primary carriers.[12]  Id.  Accordingly, the court concluded that issuance of a declaratory judgment would fail to dispose of the controversy and would not serve a useful purpose.  Id.  On this point, it explained that:

> Although I could construe the absent insurers' policies, any declaration on [their] liability would not bind them, the plaintiffs or the named defendants.  Thus, the finality of any judgment as to the excess insurers' liability would be entirely contingent on judgment in a necessary, parallel state court suit between the plaintiffs and the absent insurers.  The present defendants likely would be joined in that suit in which issues identical to those presented here would be considered.  In a Rule 19(a)(1) inquiry, I must consider the public's interest in avoiding repeated lawsuits on the same subject matter. . . . No useful purpose would be served by a partial judgment when there is a substantial risk of duplicative litigation.

Id. (citations omitted).

To be sure, in making its analysis under Rule 19(a)(1), a court should consider the interests of "the public in avoiding repeated lawsuits on the same essential subject matter."  Fed. R. Civ. P. 19 advisory committee's notes.  Rule 19(a)(1), however, similarly "stresses the desirability of joining those persons in whose absence the court would be obliged to grant partial or 'hollow' rather than complete relief to the parties before the court."  Id.  In this case, considering Pennsylvania's joint and several liability rules which supply the governing substantive law, GRC's failure to name the absent insurers to its suit plainly will not result in it obtaining "partial" or "hollow" relief if it is successful in its suit.  See Janney Montgomery Scott, 11 F.3d at 406 (recognizing that where liability is joint and several among multiple parties, complete relief may be granted with respect to any one of them).  To this end, the advisory

---

[12]Although the district court focused on a policy issued by American Excess Insurance Company in its analysis, it observed that the policy of Granite State Insurance Company (the other excess carrier named as a defendant in the action) "similarly conditions coverage." City of Littleton, 133 F.R.D. at 163.

committee's notes to Rule 19 "note[] particularly" that "the description [of persons to be joined under subdivision (a)] is not at variance with the settled authorities holding that a tortfeasor with the usual 'joint-and-several' liability is merely a permissive party to an action against another with like liability." Fed. R. Civ. P. 19 advisory committee's notes (internal citation omitted). The fact that the public might be subject to "repeated suits on the same subject matter" thus poses no bar to our conclusion that the absent insurers are not "necessary" parties to this case under Rule 19(a)(1).[13]

Finally, defendants express some concern that because GRC has failed to produce proof that it has exhausted the absent underlying insurance policies, they would be prejudiced if the action were to proceed. See Gould, 1995 WL 807071, at *1, 4 (finding plaintiff could proceed against its excess insurance carriers only if the policy limits of its absent underlying insurance carrier had been exhausted and, thus, that the absent underlying insurance carrier was a necessary party under Rule 19(a)). Our holding in Koppers, 158 F.3d 170, which is binding precedent, and which we decided after Gould, which is not binding precedent, makes clear that defendants' concerns are largely unfounded.

In Koppers, we considered whether INA, a non-diverse excess insurer, was a necessary and indispensable party to an action brought by the appellant, Koppers, against the appellees, certain underwriters from Lloyd's of London and certain London market insurance companies (the "London Insurers"), under Rule 19. The London Insurers urged that we answer this question in the affirmative, arguing

---

[13]We also point out that it would be completely speculative to conclude that GRC ever will bring additional coverage actions similar to that here. At the very least, the parties' briefs do not indicate that GRC has such an action pending although they do reference earlier actions GRC brought seeking coverage. GRC indicates, however, that the policies involved in those cases did not have "asbestos-related exclusions." Appellant's br. at 3 n.1. In any event, given Vale Chemical Co. v. Hartford Accident & Indemnity Co., 516 A.2d 684 (Pa. 1986), a case we discuss below, we do not believe that there is any chance that GRC would sue the defendants here and the non-diverse Pennsylvania absent insurers in the Pennsylvania state courts seeking similar relief. Indeed, it appears that if we affirm, GRC's opportunity to assert that it is entitled to recover from any of the defendants will be gone forever.

they could not be held "liable to pay on their excess policies unless and until the underlying insurers–including INA–have paid or have been held liable to pay the full amount of their underlying policies." Id. at 174. To this end, the London Insurers submitted that "their policies [we]re directly excess to [the INA policies] and contingent upon their liability under them . . . and that payment or liability under the underlying policies is a condition precedent to any obligations that the London Insurers might incur." Id. (internal quotations and citation omitted). Upon reviewing the relevant policies, we found that satisfaction of a $1,050,000 deductible to be paid by Koppers or INA, among others, was required before the London Insurers' excess policy was triggered. Id. at 176. Based on this understanding (i.e., that any liability on the London Insurers' part was independent of INA's), we held that "insofar as liability under the London Policies is concerned, complete relief can be accorded to the parties present to this litigation without the joinder of INA. Accordingly . . . INA is not a necessary party under Rule 19(a)(1)." Id.

Defendants in this action have provided no reason – and we can perceive of none – why we should not reach the same result here as we did in Koppers. At most, the question of whether the underlying policies have been exhausted to the extent that their exhaustion is a condition prerequisite to defendants' monetary liability to make payments on their policies will be an issue at trial. In this regard, we point out that we are not holding who is or is not ultimately liable in this case. Rather, we are determining the question of who are necessary and indispensable parties.

### 2. Rule 19(a)(2)

Notwithstanding a determination that complete relief may be accorded to those persons already named as parties to an action, a court still may deem a party "necessary" under subsection (a)(2) of Rule 19. Unlike subsection (a)(1), subsection (a)(2) requires the court to take into consideration the effect that resolution of the dispute among those parties before it may have on any absent parties. See Fed. R. Civ. P. 19(a)(2).

### a. Rule 19(a)(2)(i)

Under Rule 19(a)(2)(i), the court must decide whether determination of the rights of those persons named as parties to the action would impair or impede an absent party's ability to protect its interest in the subject matter of the litigation. Fed. R. Civ. P.

14

19(a)(2)(i); see also Janney Montgomery Scott, 11 F.3d at 409 ("[I]t must be shown that some outcome of the federal case that is reasonably likely can preclude the absent party with respect to an issue material to the absent party's rights or duties under standard principles governing the effect of prior judgments."). Defendants argue that the "absent insurers whose policies must be interpreted in [this] declaratory judgment action have an interest relating to the subject of the action – the interpretation of their policies – and the disposition of the action in their absence might, as a practical matter, impair their ability to protect the interpretation of their policies." Appellees' br. at 17. As our holding in Janney Montgomery Scott makes clear, defendants' position is without support.

In Janney Montgomery Scott, the defendant and its parent corporation were co-obligors on a contract with the plaintiff. Claiming that the contract had been breached, the plaintiff filed a suit in the district court against the defendant and in state court against the defendant and its parent corporation. In a situation similar to that facing GRC here with respect to non-diverse parties, the defendant's parent corporation was a citizen of Pennsylvania. Consequently, its joinder to the district court case would have resulted in the case's dismissal inasmuch as the district court's jurisdiction was based on diversity of citizenship and the plaintiff was a Pennsylvania citizen. Janney Montgomery Scott, 11 F.3d at 401-02. The defendant subsequently filed a motion for judgment on the pleadings predicated on the plaintiff's failure to join the defendant's parent corporation in the action as a defendant under Rule 19. The district court granted the motion, in part based on its holding that the defendant's parent corporation was a "necessary" party to the suit under Rule 19(a)(2)(i) because "it was likely that any decision reached in the federal action would affect the pending state court action . . . as persuasive precedent against [the absent parent corporation]." Id. at 406 (internal quotations and citation omitted).

The plaintiff appealed and we disagreed with the district court's conclusion, explaining:

> We are not sure what the district court means by the phrase 'persuasive precedent.' To the extent it involves the doctrine of stare decisis, we are not inclined to hold that any potential effect the doctrine may have on an absent party's rights makes the absent party's joinder compulsory under Rule 19(a) whenever 'feasible.' Such a holding would greatly expand the

15

class of 'necessary' or compulsory parties Rule 19(a) creates. Moreover, to whatever extent the rule's phrase 'as a practical manner impair or impede' has broader meaning than that given by principles of issue preclusion, we think the effect of the federal decision must be more direct and immediate that the effect a judgment in [defendant's] favor would have on [its absent parent corporation] here. . . . In any event, we do not believe any possibility of a 'persuasive precedent' requires joinder under subsection 19(a)(2)(i).[14]

Id. at 407; see also UTI, 896 F. Supp. at 393 ("In Janney, the Third Circuit expressly rejected the proposition that where a piece of litigation may result in a 'persuasive precedent' against an absent party, the disposition of the action in that party's absence would impair or impede that party's ability to protect its interest within the meaning of Rule 19(a)(2)(i)."). Inasmuch as defendants proffer nothing more than a reincarnation of the "persuasive precedent" argument we have rejected, we similarly do not deem the absent insurers in this case to be "necessary" parties to GRC's suit under Rule 19(a)(2)(i).

### b. Rule 19(a)(2)(ii)

Finally, under Rule 19(a)(2)(ii), a court must decide whether continuation of the action would expose named parties to the "substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." According to defendants, the very real possibility of prejudice arises from the likelihood that subsequent litigation will produce inconsistent obligations with those a court may determine they have here. For example, defendants contend that the district court in this case could determine that the exclusions contained in the policies are unenforceable, requiring them to indemnify GRC for its asbestos-related losses in the underlying actions, while a second court in a later

---

[14]In Janney, we phrased the Rule 19 question as follows: "[W]hether the district court could give complete relief to the parties before it without prejudice to them or the absent person, [the parent corporation], in a breach of contract action against only one of the two co-obligors that might be liable to [plaintiff], the obligee on the contract." Janney Montgomery Scott, 11 F.3d at 402.

action against the absent insurers for contribution and/or indemnification could reach a contrary conclusion, thus foreclosing recovery by defendants for their losses in whole or in part. Similarly, defendants hypothesize:

> The same problem would exist if, following a trial in federal court and a victory for GRC, GRC were to select one of the policies issued by a Defendant in this matter covering Year A for coverage and the chosen insurer then sued Absent Insurer No. 1 covering Year B for contribution in state court. In the state court action, the [asbestos-related] exclusion might well be honored, thereby defeating the contribution claim[,] which could not happen if all insurers' rights were determined in the same action.

Appellees' br. at 22. Again, we reject defendants' position given our holding in Janney Montgomery Scott.

In addition to its finding that the defendant's parent corporation was a "necessary" party to the suit under Rule 19(a)(2)(i), the district court in Janney Montgomery Scott made the same determination under Rule 19(a)(2)(ii). Specifically, the district court reasoned that "continuation of this action in [the parent corporation's] absence may expose [the defendant] to a substantial risk of incurring double or inconsistent obligations because [the defendant] may be found liable under the Agreement in the federal action while [the parent corporation] may be found not liable in the state court action." Janney Montgomery Scott, 11 F.3d at 411 (internal quotations and citation omitted).

Even though we acknowledged that "[i]t is, of course, possible . . . that if [the defendant] is held liable in the federal action, it may ultimately be responsible for the entire claim if [its parent corporation] is found not liable in the State Court Action," we nonetheless concluded that "[t]his is not . . . the double liability that Rule 19(a)(2)(ii) refers to." Id. (internal quotations and citation omitted). On this point, we explained first that the district court's conclusion necessarily was grounded on the unstated premise that if the defendant was found liable on the agreement, its parent corporation must be as well. We rejected this premise inasmuch as it was "contradicted by the law's refusal to consider the real possibility that one court could find [the defendant] liable while another was finding [the absent parent corporation] not liable in separate

17

proceedings to which the rules of claim or issue preclusion do not apply." Id.; see also Field v. Volkswagenwerk AG, 626 F.2d 293, 301-02 (3d Cir. 1980) ("[T]he possibility of a subsequent adjudication that may result in a judgment that is inconsistent as a matter of logic, [does not] trigger the application of Rule 19."), disagreed with on other grounds by Newman-Green, Inc. v. Alfonso-Larrain, 490 U.S. 826, 833 n.7, 109 S.Ct. 2218, 2223 n.7 (1989). We added that:

> The possibility that [the defendant] may bear the whole loss if it is found liable is not the equivalent of double liability. It is instead a common result of joint and several liability and should not be equated with prejudice. Inherent in the concept of joint and several liability is the right of a plaintiff to satisfy its whole judgment by execution against any one of the multiple defendants who are liable to him, thereby forcing the debtor who has paid the whole debt to protect itself by an action for contribution against the other joint obligors.

Janney Montgomery Scott, 11 F.3d at 412. To this end, we explicitly noted that "[a]n outcome adverse to [the defendant] in [the plaintiff's] present action against it does not have any legal effect on whatever right of contribution or indemnification [the defendant] may have against [its parent corporation]." Id.

Our holding in Janney Montgomery Scott squarely addresses, and defeats, those arguments defendants make with respect to why the absent insurers should be deemed "necessary" parties to GRC's suit under Rule 19(a)(2)(ii). As we outlined above, defendants' primary concern is that inconsistent judgments from the state and federal courts effectively could foreclose their indemnification and/or contribution claims against the absent insurers. However, Janney Montgomery Scott makes clear that the possibility defendants may have to shoulder the entire loss if found liable is a necessary consequence of joint and several liability. Further, it bears noting that the imposition of joint and several liability is intended to ensure that GRC, and not defendants, be afforded the coverage for which it contracted. See J.H. France Refractories, 626 A.2d at 508 ("In order to accord [the insured] the coverage promised by the insurance policies, [the insured] should be free to select the policy or policies under which it is to be indemnified."). Accordingly, defendants similarly cannot be deemed "necessary" parties under Rule 19(a)(2)(ii). See also UTI, 896 F. Supp. at 394.

18

B.  Rule 19(b)

Even if we assumed that the district court correctly concluded that the absent insurers were "necessary" parties under Rule 19, we nonetheless would find that they were not "indispensable" under that rule.  As we noted above, when a party is deemed "necessary" under Rule 19(a), joinder must occur if feasible.  If joinder of a "necessary" party would divest the district court of subject matter jurisdiction (i.e., destroy diversity), a court must determine whether "in equity and good conscience" the action should proceed without that party, or whether the court should dismiss it, "the absent person being thus regarded as indispensable."  Fed. R. Civ. P. 19(b).  Put another way, a finding of indispensability under Rule 19(b) necessitates dismissal for lack of subject matter jurisdiction.

Under Rule 19(b), the four factors listed, though not exhaustive, are "the most important considerations" in determining whether a party is indispensable.  Gardiner v. V.I. Water & Power Auth., 145 F.3d 635, 640 (3d Cir. 1998).  These factors are:

> first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).

Though it did not consider the four factors explicitly the district court found with respect to Rule 19(b):

> Without the Absent Insurers, it is highly unlikely that a judgment could be fashioned that would not be either unduly favorable or prejudicial to . . . some of the other parties.  It is also unlikely that a plaintiff's award would be adequate if rendered against fewer than all potentially responsible insurers.  No shaping of the judgment could avoid these coverage issue possibilities.

19

GRC, 234 F.R.D. at 102. The district court added that GRC could refile its action in a state court "where all defendants may be joined in one action and complete relief afforded." Id. We conclude again that the district court was mistaken.

The first and second factors under Rule 19(b) are "to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties," and to what extent such prejudice "can be lessened or avoided." Notably, the first factor under Rule 19(b) "overlaps considerably with the Rule 19(a) analysis." Gardiner, 145 F.3d at 641 n.4 (citing Wright, Miller & Kane, Federal Practice & Procedure § 1608 at 91). As we discussed above, given the rules of joint and several liability, it is possible that GRC can recover fully from those insurers it already has named as defendants in the present action. Id. at 641 (finding no prejudice to either plaintiff or absent party where plaintiff could recover fully from defendant, the party with whom plaintiff claimed it had a contract, and defendant failed to present specific evidence of prejudice); see also UTI, 896 F. Supp. at 395 (noting defendant insurance company's potential liability for the entire loss "results from [the plaintiff's] absolute right under the Pennsylvania Supreme Court's decision in J.H. France to select the policy or policies under which it is to be indemnified" and thus does not constitute prejudice within the meaning of Rule 19(b)) (internal quotations and citation omitted).

We also take note of our particularly relevant precedent for present purposes that, "'[a] defendant's right to contribution or indemnity from an absent non-diverse party does not render that absentee indispensable pursuant to Rule 19.'" Janney Montgomery Scott, 11 F.3d at 412 (quoting Bank of Am. Nat'l Trust & Sav. Ass'n, 844 F.2d at 1054). Indeed, defendants are free to pursue any claim for contribution or indemnification they might have against the absent insurers in a separate action.[15] While "[w]e recognize that this is a

---

[15]As we noted during oral argument, defendants alternatively might consider "vouching in" the absent insurers in the current action. Under this common law practice:

[A] defendant in an action gives notice of the suit to another person who is liable over to the defendant in respect to the matter sued upon, whether by contract or by implication of law, offering the other person the opportunity to appear and defend the action. If the liable

20

less convenient remedy for [defendant]," it is nonetheless "a means of resolving [defendant's] claim of the risk of inconsistent obligations." Gardiner, 145 F.3d at 642.

The third factor under Rule 19(b) is "whether a judgment rendered in the person's absence will be adequate." Specifically, this element allows the court to consider whether the relief it grants will prove an adequate remedy for the plaintiff. Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 112, 88 S. Ct. 733, 739 (1968). Certainly with respect to defendants, the court can resolve GRC's claim in the present action and this factor weighs in GRC's favor. See Gardiner, 145 F.3d at 642. Additionally, and also as we noted above, "the possibility that the defendant[s] may have a claim for contribution or indemnity does not render an absentee indispensable. The right to contribution and indemnity should not, therefore, be considered to cause inadequacy of the resulting judgment." Id. Moreover, as the Court indicated in Provident, the adequacy criterion "refer[s] to [the] public stake in setting disputes by wholes," 390 U.S. at 111, 88 S.Ct. at 739, and we surely will not hold that this stake is so great that it trumps the rules not otherwise requiring a plaintiff to join all potentially liable parties in joint and several liability situations.

Finally, the fourth Rule 19(b) factor – whether the plaintiff has a remedy if the action is dismissed – similarly "counsels strongly against dismissal in this case." Gardiner, 145 F.3d at 642. In Vale Chemical Co. v. Hartford Accident & Indemnity Co., 516 A.2d 684,

---

person does not avail himself or herself of the opportunity to defend, he or she may be precluded from relitigation issues decided in the action.

59 Am. Jr. 2d Contracts § 262 (2007); see also Glick v. White Motor Co., 458 F.2d 1287, 1292 n.8 (3d Cir. 1972). Significantly, although vouching in has "largely been supplanted by the modern third party practice," it has not been eliminated, but rather has been "supplemented thereby." U.S. Wire & Cable Corp. v. Ascher Corp., 167 A.2d 633, 636 (N.J. 1961). We think that in view of the simplicity of the procedure and its capacity to by pass jurisdictional hurdles, it is surprising that defendants do not attempt to use it more frequently. We, of course, express no opinion on the question of whether it would be feasible "to vouch in" the absent insurers, as defendants have not done so. We only advance that possibility which seems to have escaped them.

21

686 (Pa. 1986), the Pennsylvania Supreme Court reiterated its oft-stated precedent that "where claims are asserted against an insured, the persons asserting the claims are indispensable parties in a declaratory judgment action on the issue of coverage between the insured and the insurance carrier.  The failure to join a claimant whose interests would be affected has been held to be fatal error." Relying on this pronouncement from the Pennsylvania Supreme Court in Vale, GRC argues that if forced to refile its action in a Pennsylvania state court, the state in which defendants themselves believe that GRC should have brought this action and now can proceed, GRC necessarily would be required to add the tens of thousands of plaintiffs that have sued it throughout the country.  GRC asserts that the impracticality of such a requirement plainly would affect its ability to proceed.[16]  Defendants answer that Rule 19, rather than Pennsylvania state law as set forth in Vale, should govern our analysis.  For the following reasons, we conclude that defendants' position is mistaken.

To be sure, "in a diversity case the question of joinder is one of federal law."  Provident Tradesmens Bank & Trust Co., 390 U.S. at 125 n.22, 88 S.Ct. at 125 n.22.  State law, however, is not wholly irrelevant to the court's analysis.  See Shetter v. Amerada Hess Corp., 14 F.3d 934, 937 (3d Cir. 1994) (noting "state law may provide assistance in determining the interests of the party in question"). Here, state law, as expressed by the Pennsylvania Supreme Court in Vale, indicates that, practically speaking, GRC would be left without a remedy if we affirm the dismissal of this action.  After all, even though, as defendants point out, Vale does not control a Rule 19 determination, certainly it would be applicable in a subsequent action in the Pennsylvania courts.  Inasmuch as Rule 19 counsels that courts should consider whether there is any assurance that the plaintiff, if dismissed, could sue effectively in another forum where better joinder would be possible," this factor weighs in GRC's favor and tends to show that the district court abused its discretion in finding the absent insurers to be indispensable as GRC could not bring the Pennsylvania state court action that the district court believed would give it an

---

[16]United Policyholders, which has filed an amicus curiae brief, contends that it might be more than merely impractical to sue all the plaintiffs in the underlying actions in the Pennsylvania state courts. Rather, it would be impossible because "[m]any of these claimants have no connection to Pennsylvania and cannot be sued there."  Amicus Curiae br. at 17.

22

adequate remedy.  <u>See</u> Fed. R. Civ. P. 19 advisory committee's notes.

With the above considerations in mind, we conclude that the district court abused its discretion in finding the absent insurers "indispensable" under Rule 19(b).

## V.  CONCLUSION

For the foregoing reasons, we will reverse the district court's order of September 27, 2005, dismissing this action as well as the order of October 27, 2005, denying reconsideration of the order of September 27, 2005, and will remand the case to the district court for further proceedings consistent with this opinion.[17]

———————

[17]Though we are taxing costs in GRC's favor we direct that only defendants who moved to dismiss this action in the district court, joined in such a motion, or participated as appellees on this appeal by filing a brief or their attorneys entering an appearance that was not withdrawn, should be responsible for them.