

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-1-2009

# Synygy Inc v. ZS Assoc Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2355

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Synygy Inc v. ZS Assoc Inc" (2009). *2009 Decisions.* Paper 1258.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1258

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

―――――

No. 08-2355

―――――

SYNYGY, INC.,

*Appellant*

v.

ZS ASSOCIATES, INC.

―――――

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 07-cv-03536)
District Judge: Honorable Thomas N. O'Neill, Jr.

―――――

Argued and Submitted March 12, 2009

Before: FUENTES, CHAGARES, and TASHIMA,* *Circuit Judges*

(Filed : June 01, 2009)

Alan S. Fellheimer (Argued)
John J. Jacko, III
Sarah K. Lessie
Fellheimer & Eichen LLP
1800 John F. Kennedy Blvd.
Suit 1400
Philadelphia, PA 19103
*Counsel for Appellant*

―――――――――――――――

* Honorable A. Wallace Tashima, Senior Judge of the United States
Court of Appeals for the Ninth Circuit, sitting by designation.

Diane Siegel Danoff (Argued)
Joseph R. Heffern
Dechert LLP
18th Floor, Cira Centre
2929 Arch St.
Philadelphia, PA 19104

*Counsel for Appellee*

OPINION

TASHIMA, *Circuit Judge*.

Plaintiff Synygy, Inc. ("Synygy"), a Pennsylvania corporation with an affiliate in Pune, India, brought this action against ZS Associates, Inc. ("ZS Associates"), an Illinois corporation also with an affiliate in Pune, alleging various state and federal claims related to trade secret misappropriation. The District Court dismissed the action on the grounds of *forum non conveniens*, as well as for a failure to join necessary and indispensable parties under Federal Rule of Civil Procedure 19 ("Rule 19"). We have jurisdiction under 28 U.S.C. § 1291, and will vacate and remand.

**I.**

In 2007, Synygy filed a complaint against ZS Associates in the Eastern District of Pennsylvania, alleging that ZS had misappropriated Synygy's trade secrets and tortiously

interfered with its business relationships. Specifically, Synygy alleged that ZS Associates hired at least two former Synygy employees—in violation of their non-compete and non-disclosure agreements—and used their information to replace Synygy as the provider of sales compensation management services to Schering-Plow, a pharmaceutical company headquartered in New Jersey. Synygy alleged claims for misappropriation of trade secrets, conversion of intellectual property, intentional interference with prospective business relations, unfair competition, unjust enrichment, inevitable disclosure, and violations of the Lanham Act, 15 U.S.C. § 1125 *et. seq*. Synygy sought legal and equitable relief, including an injunction to prevent ZS Associates from using Synygy's intellectual property, hiring Synygy employees, or doing business with Schering-Plough.

ZS Associates moved for dismissal on the grounds of *forum non conveniens* and a failure to join necessary and indispensable parties under Rule 19. ZS Associates submitted affidavits suggesting that: (1) the former employees had in fact only worked for Synygy India Pvt. Ltd. ("Synygy India"), an affiliate of Synygy in Pune; (2) the employees then left Synygy India to work for ZS Associates India Pvt. Ltd. ("ZS India"), an Indian entity separate from ZS Associates; (3) Synygy India had already filed suit against its former employees in India; and (4) India offered a better forum to hear Synygy's complaint in the present case.

On the basis of this evidence, ZS Associates argued for dismissal on *forum non conveniens* grounds, because India offered a convenient and adequate alternative forum to

hear the matter, and ZS Associates had already consented to jurisdiction there. ZS Associates also argued that the former Synygy India employees were necessary and indispensable parties under Rule 19, but were not amenable to service in the United States, necessitating dismissal.

The District Court agreed, dismissing Synygy's complaint and the action on both grounds in a terse order. It found that the former employees were necessary and indispensable parties, because their "ability to protect their interests will be impaired or impeded" by the action, and because adjudicating the case would require determining the validity of their non-disclosure and non-compete agreements, a determination that "cannot be made without the former employees." The District Court also dismissed on *forum non conveniens* grounds, because the "the connections to India are substantial" and the State of Pennsylvania had little interest in the matter.

### III.

We conclude that this short analysis was insufficient to support dismissal on either ground.

When considering a motion for dismissal on the grounds of *forum non conveniens*, a court must address: (1) the availability of an adequate alternative forum; (2) the amount of deference due the plaintiff's forum choice; (3) the private interest factors; and (4) the public interest factors. *Lony v. E.I. Du Pont de Nemours & Co.*, 886 F.2d 628, 633 (3d Cir. 1989) (*Lony I*). The court's conclusions on each of these elements must be

"sufficiently detailed and supported by the record." *Lacey v. Cessna Aircraft Co.*, 862 F.2d 38, 39 (3d Cir. 1988) (*Lacey I*). If the district court fails to "supply specific reasons and develop adequate facts to support its decision," we cannot adequately review the order of dismissal; consequently, we will vacate and remand for further consideration. *See id.* at 43. In this case, the District Court did not properly evaluate the myriad issues raised in the motions.

For example, on the first element, the availability of an alternative forum, the District Court simply stated that India was an adequate forum. It failed to analyze—and on remand should consider—several issues, including: (1) whether India recognizes the causes of action in this suit, or their analogues; (2) what forms of relief are available to Synygy in India if it proves its claims; (3) whether such relief could be enforced in the United States; (4) whether ZS Associates is subject to jurisdiction in India; (5) if not, whether its consent to jurisdiction is legally sufficient; and (6) whether any dismissal should be conditioned on such consent. *See, e.g., Del Monte Fresh Produce Co. v. Dole Food Co.*, 136 F. Supp. 2d 1271, 1276-78 (S.D. Fla. 2001) (evaluating adequacy of Costa Rica as a forum in an intellectual property dispute between American companies requiring injunctive relief in the United States); *see also Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1227 (3d Cir. 1995) (explaining that for forum to be adequate defendant must be amenable to process there and remedies offered in that forum are not clearly unsatisfactory).

5

Similarly, on the second element, the District Court failed to state what, if any, deference it extended to Synygy in its forum choice. This is particularly important, because the parties dispute whether Synygy should be treated as an American company, and thereby given great deference in its choice of an American forum, or as a foreign entity, entitling it to less deference. *See, e.g., Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 101-03 (2d Cir. 2000) (noting different levels of deference due foreign versus domestic plaintiffs); *Lony I*, 886 F.2d at 634 (chastising lower court for doing "little beyond restating the rule [on deference] and filling in the names of the parties").

The District Court's discussion of the private interest factors similarly failed to consider, among other issues, the location of evidence of misappropriation (which Synygy alleges is in the United States, where ZS Associates managed its global operations), the ease of access to such evidence in both forums, and the availability of process to ensure the cooperation of non-parties, such as Schering-Plow. *See Lacey I*, 862 F.2d at 46-47 (detailing the necessary scope of district court's inquiry); *Lacey v. Cessna Aircraft Co.*, 932 F.2d 170, 183-86 (3d Cir. 1991) (*Lacey II*) (same).

Among the public interest factors the District Court neglected to consider were choice-of-law issues, any administrative problems associated with hearing the suit in the United States, and the interests of Pennsylvania in adjudicating the case. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981). The District Court did conclude that Pennsylvania does not have a significant interest in hearing the case, but neglected to

6

consider Pennsylvania's interest in affording relief to its own ostensible corporate citizens such as Synygy.

On remand, the District Court should carefully evaluate these issues, as well as any others needed to resolve the principal points of contention between the parties.

The District Court should similarly reconsider its Rule 19 dismissal. A District Court must conduct a two-step inquiry before granting a Rule 19 dismissal, considering first whether an absent party is "necessary" under Rule 19(a), and then, if the party is necessary but cannot be joined, determining whether the party is "indispensable" such that the action must be dismissed in his or her absence. *Gen. Refractories Co. v. First State Ins. Co.*, 500 F.3d 306, 312 (3d Cir. 2007).

The District Court conflated these inquiries. It found that the interests of the former employees could be "impaired or impeded" by the present action, but failed to explain what those interests are or how the suit could jeopardize them—other than to note that the employees may face "inconsistent conclusions" about the lawfulness of their current employment.

Even assuming the employees were necessary parties who could not be joined, the District Court did not then sufficiently evaluate the factors in Rule 19(b) that establish indispensability, including, *inter alia*, the deleterious effect on the former employees of a judgment rendered in their absence, and whether such harms could be lessened by shaping the proceedings or the relief. *See* Fed. R. Civ. P. 19(b)(1)-(4); *see also Gen.*

7

*Refractories*, 500 F.3d at 320; *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 118-19 (1968) ("The decision whether to dismiss (*i.e.*, the decision whether the missing person is 'indispensable') must be based on factors varying with the different cases, some such factors being substantive, some procedural, some compelling by themselves, and some subject to balancing against opposing interests.").

On remand, the District Court should carefully perform this two-step analysis.

## IV.

For the reasons set forth above, we will vacate the order of dismissal and remand the matter to the District Court for reconsideration in light of this opinion.[1]

---

[1] In light of this disposition, it is unnecessary to decide whether the District Court erred in not extending discovery on jurisdictional issues. On remand, the District Court should determine whether limited jurisdictional discovery would aid the parties and the court in resolving the *forum non conveniens* and Rule 19 issues.